IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LANETTE T. CAIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION 09-00437-B |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Plaintiff Lanette Cain ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. On February 2, 2010, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 20). Thus, this case was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. (Doc. 22). Oral argument was waived. (Doc. 21). Upon careful consideration of the administrative record and the parties' briefs, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED.**

I. **Procedural History**

Plaintiff protectively filed applications for a period of disability and disability insurance benefits on June 18, 2004.

Plaintiff alleges that she has been disabled since April 30, 2004, due to depression, anxiety, hypertension, hypothyroidism, varicose veins, bladder incontinence, chronic stomach/intestinal disturbances, post parathyroidectomy and removal of tumor, high cholesterol/high triglycerides, fatty liver/elevated liver enzymes, gastroesophageal reflux disease, premature ventricular contractions, and chronic pain from arthritis. (Tr. 77, 181-182). Plaintiff's application was denied initially, and she filed a timely Request for Hearing before an Administrative Law Judge ("ALJ"). (Tr. 53-54, 60).

On January 26, 2006, the initial hearing was continued in order to give Plaintiff the opportunity to retain counsel. (Tr. 818-819). Administrative Law Judge Glay E. Maggard ("ALJ Maggard") conducted administrative hearings on April 20, 2006 and November 7, 2006, which were attended by Plaintiff and her representative. Vocational expert Sue Berthaume attended and testified at the November 7, 2006 hearing. (Tr. 789-810, 778-788). The ALJ concluded that Plaintiff is not disabled and entered an unfavorable decision on December 29, 2006. (Tr. 22-42). Thereafter, the Appeals Council ("AC") denied Plaintiff's request for review on May 19, 2009; thus, the ALJ's decision became the final decision of the Commissioner in accordance with 20 C.F.R. § 404.981. (Tr. 8-12).
The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3).

**II. Issues on Appeal**

A.  Whether the ALJ erred by finding that Plaintiff has no severe physical impairment, and in finding that Plaintiff was not fully credible.

B.  Whether the ALJ erred by failing to fully develop the administrative record regarding the VE's testimony.

**III. Factual Background**

Plaintiff was born on September 28, 1943, and was 63 years old at the time of the November 2006 administrative hearing. (Tr. 77, 778, 796). Plaintiff has a 12th grade education and two semesters of college. She has past work experience as an administrative assistant and medical transcriber. (Tr. 131, 704-795). Plaintiff testified that she became disabled and stopped working in April 2004 because she felt bad and had a surgery scheduled to remove one parathyroid gland and a tumor that was attached to it. According to Plaintiff, she has been unable to return to full-time work due to anxiety and depression, urinary incontinence, and pain in her leg and back. (Tr. 798, 801). Plaintiff testified that her primary problem is anxiety and depression, and that her worst physical problem is severe pain in her left leg from her groin to her foot. (Tr. 798, 799, 803, 804). With respect to her daily activities, Plaintiff testified that she cares for her personal needs, does most of her own housework chores, and is able to drive, although it is stressful. (Tr. 141-142, 808-809).

**IV. Analysis**

**A. Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[1] A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding that substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. DIST. LEXIS

---

[1] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

10163 (S.D. Ala. 1999).

**B.  Discussion**

An individual who applies for Social Security disability benefits must prove her disability.  20 C.F.R. §§ 404.1512, 416.912.  Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven her disability.  20 C.F.R. §§ 404.1520, 416.920.[2]

---

[2]The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).
 In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history.
 Id. at 1005.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to

In sub judice, the ALJ determined that Plaintiff met the nondisability requirements for a period of disability and disability insurance benefits and was insured for benefits through December 31, 2009. (Tr. 27). The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since April 30, 2004, her alleged disability onset date. Id. The ALJ further concluded that while Plaintiff does not have a physical impairment that has resulted in more than minimal functional limitations for a period of at least 12 consecutive months since her alleged date of disability onset, she does have the severe impairments of depressive disorder, without psychosis, anxiety disorder and a history of post-traumatic stress disorder ("PTSD"). (Tr. 27, 33). The ALJ then determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4. (Tr. 34).

The ALJ also determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms but that her statements concerning the intensity, persistence and limiting effects are not entirely credible. (Tr. 39). The ALJ concluded that Plaintiff has moderate mental limitations,

---

perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

6

and, relying on the testimony of a VE, that Plaintiff is able to return to her past relevant work as an administrative assistant and transcriber. Thus, she is not disabled. (Tr. 41, 42).

Plaintiff's medical history is set forth in detail in the ALJ's decision; thus, it will not be repeated here except as necessary to address Plaintiff's arguments. In addition to the medical records of treating providers, the record includes the opinions of state agency physicians and consultants, as well as forms and reports completed by Plaintiff with respect to her claim.

In April 2004, Plaintiff had a thyroid ultrasound which revealed a hypoechoic vascular nodule[3] in the region of the right upper pole. (Tr. 320, 324-326). Plaintiff underwent a parathyroidectomy as an outpatient on June 15, 2004, which resulted in the removal of the parathyroid and an adenoma[4]. (Tr. 341-346). Plaintiff did well postoperatively, and reported no symptoms of hypercalcemia following the surgery. (Tr. 512).

Plaintiff was seen by Glenn E. Esses, M.D., in August 2005 for leg discomfort and left leg varicose veins. Dr. Esses observed that recent test results reflected left lower extremity venous "reflux."

---

[3]Hypoechoic nodules are those in which the tissues or structures reflect relatively few of the ultrasound waves directed at them. See, www.medical-dictionary.thefreedictionary.com (last visited September 15, 2010).

[4]Adenoma is a benign tumor of a glandular structure or of glandular origin. See, www.organizedwisdom.com (last visited September 15, 2010).

7

(Tr. 470). Plaintiff underwent a laser ablation and staff avulsion of the left leg varicosities on September 30, 2005. Following the procedure, Dr. Esstes reported an "excellent result," and that Plaintiff had "marked improvement" in the appearance and function of her left leg. He also noted that Plaintiff reported some minor soreness in her left thigh; but that the soreness was expected to resolve within a month. (Tr. 464-469).

Plaintiff was next seen by Dr. Esses in March 2006. Plaintiff complained of discomfort in both legs. Dr. Esses noted that Plaintiff had "excellent cosmetic and functional results" from the ultrasound and closure of the left leg. He opined that her discomfort might be musculoskeletal or lower back in origin and recommended that she see an orthopedist or neurosurgeon. (Tr. 507).

Plaintiff was evaluated by Joey F. Carter, M.D., an orthopedic physician, in April 2006. Plaintiff reported pain in her left groin, radiating into her left leg. Upon examination, Plaintiff had mild pain in her left hip with internal and external rotation, and mild pain with forward flexion when she touched within a foot of the floor. She had no pain with extension, negative bilateral straight leg raise, and she was able to heel walk and toe walk. Dr. Carter ordered an MRI scan of the lumbar spine and an injection of cortisone. (Tr. 564-565). The MRI revealed a central disc herniation at L4-5, which "causes a moderate spinal stenosis." There was no evidence of spinal canal impingement or disc herniation at any other level. (Tr. 575,

585). Plaintiff was scheduled for a hip injection on April 10, 2006; however, she cancelled the appointment. (Tr. 561). Dr. Carter's notes dated April 28, 2006 reflect that Plaintiff was advised that she has a central disc herniation at L4-5, and that a lumbar epidural was the next line of treatment to help with her pain. Plaintiff reported that she had been doing better and that she wanted to hold off getting the lumbar epidural. (Tr. 586).

In July 2006, Plaintiff was diagnosed with a right ancillary lesion, and excision was recommended. (Tr. 603). Plaintiff underwent an excision on August 3, 2006. The pathology revealed a ruptured epidermal inclusion cyst. (Tr. 598, 603). The medical records reflect that Plaintiff tolerated the procedure well.

> 1. **Whether the ALJ erred in finding that Plaintiff has no severe physical impairment.**

Plaintiff contends that the ALJ erred in finding that she has no severe physical impairment, and in failing to credit her testimony of pain and functional limitations in light of the MRI results showing a central disc herniation. According to Plaintiff, the April 2006 MRI report verifies that she has central disc herniation at L4-5 that causes moderate spinal stenosis[5]; however, the ALJ misrepresented

---

[5]Spinal stenosis is a narrowing of one or more areas in the spine that can put pressure on the spinal cord or on the nerves that branch out from the compressed areas. See, www.mayoclinic.com (last visited September 15, 2010).

the MRI results by stating that the MRI found "central disc herniation at L4-5 with no evidence of spinal canal impingement."

The Commissioner responds that the ALJ's characterization of the April 2006 MRI report is a fair reading of that report, that the presence of an ailment does not entitle Plaintiff to disability benefits, and that Plaintiff failed to show any related functional loss. The Commissioner further argues that Plaintiff failed to show that her subjective complaints of pain were consistent with the medical evidence.

At step two of the sequential evaluation, the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F. 3d 1217, 1219 (11th Cir. 1997). 20 C.F.R. § 404.1521(a). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 922 (11th Cir. 1984). It is a threshold inquiry where only the most trivial impairments are rejected. Id. The claimant bears the burden of proving that she has a severe impairment or combination of impairments. Jones v. Apfel, 190 F. 3d 1224, 1228 (11th Cir. 1999). At step two, the burden is mild, such that a

claimant need only show that his "impairment is not so slight and its effect is not so minimal" as to be trivial. McDaniel, 800 F.3d at 1031.

Recently, in Heatly v. Commissioner of Social Security, 2010 U.S. App. LEXIS 12018 (11th Cir. June 11, 2010), a panel of the Eleventh Circuit held that even if the ALJ erred in not indicating whether the claimant's pain syndrome was a severe impairment, the error was harmless because the ALJ nevertheless found that the claimant had a severe impairment, and "that finding is all [that] step two requires." Heatley, 2101 U.S. App. LEXIS 12018 at *3. The Court observed that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." Id. at *4. The court held that because the record reflected that at step three, the ALJ considered all of the claimant's impairments (whether severe or not), the error at step two was harmless. Id. at *3.

In the case sub judice, the undersigned finds that *assuming arguendo* that the ALJ erred in concluding that Plaintiff's central disc herniation at L 4-5 was not a severe impairment, the error was harmless. The ALJ found several severe mental impairments at step two and continued on to the step three analysis where he considered Plaintiff's impairments (severe and nonsevere)and determined that

Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4." (Tr. 34). See Wilson v. Barnhart, 284 F. 3d 1219, 1224 (11th Cir. 2002)(the ALJ's statement that "the medical evidence establishes that [the claimant] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regualtions No.4" was "evidence that [the ALJ] considered the combined effects of [the claimant's] impairments."); Woods v. Commissioner of Social Security, 2010 U.S. Dist. LEXIS 90487 (M.D. Ala. Aug. 31, 2010)(where the ALJ found that the claimant does not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, said finding was sufficient indication that the ALJ considered the claimant's non-severe impairments in combination with her severe impairments in assessing her claim).

Plaintiff also argues that the ALJ erred in failing to credit her testimony of pain and functional limitations, in light of the MRI results showing a central disc herniation. Pain is a non-exertional impairment. Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the

objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) a showing that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Wilson v. Barnhart, 284 F.3d at 1225 (11th Cir. 2002). See also Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Hoffman v. Astrue, 2007 U.S. App. LEXIS 29163 (11th Cir. Fla. Dec. 13, 2007). Credibility determinations are within the province of the ALJ. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). However, where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate "explicit and adequate reasons" for doing so, or the record must be obvious as to the creditability finding. Jones v. Dep't of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991).

In this case, the ALJ cited the proper credibility standard, and stated as follows with respect to Plaintiff's credibility:

> Overall, it is credible that the claimant experiences some symptoms resulting from her impairments, but it is not credible that she experiences the level of such symptomatology to the extent alleged . . . . Stated differently, after considering the evidence of record, I find that the claimant's medically determinable

13

> impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 39).

The undersigned finds that the ALJ's credibility finding is supported by substantial evidence. While Plaintiff testified that she has pain from her groin down into her left leg, and the April 2006 MRI reflects that Plaintiff has a central disc herniation at L4-5, which causes moderate spinal stenosis, the medical evidence reflects that upon physical examination in April 2006, Plaintiff's exam was essentially normal except for mild pain in the left hip with internal and external rotation, and that soon after her MRI, Plaintiff reported that she was feeling better and she declined a lumbar epidural. Additionally, Plaintiff reported that she cares for her personal needs, is able to perform household chores and drives. The ALJ's credibility finding, which relied on this and other evidence in the record, is supported by substantial evidence.

### 2. **Whether the ALJ erred by failing to fully develop the administrative record regarding the VE's testimony.**

Plaintiff argues that the VE's testimony that Plaintiff can perform her past work as an administrative assistant and medical transcriber, which the VE classified as skilled work, is not supported by substantial evidence. According to Plaintiff, the VE's testimony that Plaintiff can return to these positions notwithstanding her

14

moderate deficiencies of concentration, persistence or pace, moderate episodes of decompensation, moderate limitations in her ability to understand, carry out and remember instructions in a work setting, moderate restrictions in her ability to perform simple and repetitive tasks in a work setting and moderate restrictions in activities of daily living, conflicts with the descriptions contained in the Dictionary of Occupational Titles ("DOT"). Plaintiff contends that based on the job descriptions contained in the DOT, she is not capable of performing the job tasks due to her restrictions; yet, the ALJ failed to elicit any explanation from the VE about the conflict between the VE's testimony and the DOT job descriptions.

As a threshold matter, Plaintiff has failed to establish that a conflict actually exists between the VE's testimony and the DOT job descriptions for an administrative assistant and a medical transcriber. The VE classified Plaintiff's past work as skilled and sedentary, and the DOT lists the positions of administrative assistant and a medical transcriber as skilled and sedentary. In addition, while Plaintiff is correct that she has various moderate mental restrictions, she has not pointed to any language in the DOT that suggests, let alone establishes that she cannot perform the jobs due to her restrictions. Moreover, it is well established that a VE is a specialist regarding employment, and as a specialist, is knowledgeable of the skills necessary for performing jobs listed

in the DOT as well as the vocational factors which influence employment, and are properly relied upon by ALJs in determining whether claimants can perform various jobs in the national economy. See 20 C.F.R. § 404.1566(e) (VEs may be used for resolving complex issues, such as whether work skills can be used in other work and the specific occupations in which they can be used); SSR 00-4p, 2000 SSR LEXIS 8 (VEs are used at steps four and five to resolve "complex vocational issues"); Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (noting that a VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments). In fact, in this circuit, if a claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating that a claimant can perform other jobs is through the testimony of a VE. Jones v. Apfel, 190 F. 3d 1224, 1229 (11th Cir. 1999).

Finally, while Social Security Ruling ("SSR") 00-4p[6] provides that if there is an apparent unresolved conflict between the VE's testimony and the DOT, the ALJ must elicit a reasonable

---

[6] Occupational evidence provided by a VE or VS [vocational expert or vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such a consistency. Social Security Ruling ("SSR") 00-4p

explanation for the conflict before relying on the testimony, as noted supra, Plaintiff has failed to establish the existence of a conflict in this case. Thus, SSR 00-4p was not implicated[7]. See Cammon v. Astrue, 2009 U.S. Dist. LEXIS 92293 (N.D. Ga. October 2, 2009)(the ALJ did not err when she relied on the testimony of the VE where the ALJ had no reason to believe that there was any conflict between the VE testimony and the DOT, and counsel did not question the VE about any alleged conflict).

## V. Conclusion

For the reasons set forth, and upon careful consideration of the administrative record, oral arguments and memoranda of the parties, it is **ORDERED** that the decision of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits, is due to be **AFFIRMED.**

**DONE** this **15th** day of **September, 2010.**

                                        **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[7] It also noteworthy that following the promulgation of SSR 00-4p, a panel of the Eleventh Circuit, in Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007), an unpublished opinion, held that "even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert.